IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

REV. J.C. DUCKWORTH                                                       PLAINTIFF

V.                                      CIVIL ACTION NO. 2:09CV214-P-A

GMAC INSURANCE                                               DEFENDANT

## MEMORANDUM OPINION

This matter is before the court on the defendant's motion to dismiss for insufficient service of process and lack of personal jurisdiction. Upon due consideration of the motion and the plaintiff's response, the court finds that the motion should be granted.

### A. *Factual Background*

This matter was filed on December10, 2009, by the plaintiff who is proceeding *pro se*. He claims that the matter is properly before the court pursuant to 28 U.S.C. § 1332 diversity jurisdiction. As best as the court can glean from the disjointed pleadings, the plaintiff's compliant arises out of an automobile insurance contract issued by the defendant. Specifically, the plaintiff claims that he was in an automobile accident on July 28, 2009. Presumably, the plaintiff filed a claim under the insurance policy. The plaintiff contends that he was met with resistance from a "Mr. Kelly" and "Mr. Rowe." The plaintiff also alleges that GMAC employees made "sexual advances" towards him and have treated him poorly. For relief for these perceived wrongs, the plaintiff is seeking millions of dollars.

Attached to the complaint is a copy of a check payable to the plaintiff from GMAC Insurance in the amount of $401.26, issued on October 1, 2009. This check references July 28, 2009, as the "date of loss." The plaintiff admits the estimated damage to his car was $900.00.

On January 22, 2010, the court ordered the United States Marshall's Service to serve the defendant with process at the address indicated in the complaint in accordance with 28 U.S.C. § 1915(d). The defendant[1], appearing specially, has filed a motion to dismiss arguing that the court lacks personal jurisdiction based on insufficient process and service of process under Rule 12(b)(2), (4), and (5).

## B. *Service of Process*

Service of process is the physical means by which personal jurisdiction is asserted. *See Lexington Ins. Co. v. Buckley*, 925 So.2d 859, 865 (Miss. Ct. App. 2005). Without proper service of process, a court does not have jurisdiction over the person or entity being sued. *Mansour v. Charmax Indus., Inc.*, 680 So.2d 852, 854 (Miss. 1996).

Rule 4(h) of the Federal Rules of Civil Procedure provides the method of servicing process upon a corporation:

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation . . . that is subject to suit under a common name, must be served:
> (1) in a judicial district of the United States:
>     (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>     (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . .

Rule 4(e)(1) states that service may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . ."

---

[1] The defendant submits that it has been improperly identified as GMAC insurance. The appropriate entity is National General Insurance Company.

Here, it is above dispute that service was not proper under Federal Rule 4(h). Since an agent of the corporation was not identified in the complaint, the service of process was incomplete. Rule 4(e)(1), however, also allows for service pursuant to state law. The court, therefore, must review state law regarding proper service of process on a corporation.

Under Mississippi law, service by first-class mail is permitted a corporation. M.R.C.P. 4(c)(3)(A). A corporation may be served by delivering a copy of the summons and complaint to an officer, a managing or general agent or to any other agent authorized by appointment or by law to receive process. M.R.C.P. 4(d)(4). In Mississippi, not all employees are agents of the corporation. *First Jackson Secs. Corp. v. B.F. Goodrich Co.*, 253 Miss. 519, 176 So.2d 275, 275-76 (1965). Rather, where "the defendant is a corporation the process must be delivered or served on an official or proper person on behalf thereof." *Id.* at 276; *see also, Public Employees' Retirement Sys. v. Dillon*, 538 So.2d 327 (Miss. 1989).

Once again under Mississippi law, to effectuate service of process by mail on a corporation, the plaintiff must identify an authorized agent. He has failed in this regard. Although the service was made by the Marshall Service at the court's direction, the plaintiff–not the court–is obligated to provide information regarding the appropriate defendant and information necessary to secure good process. *See Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987) (an IFP plaintiff may not remain silent and do nothing to effectuate service). Here, the plaintiff has failed to name the proper defendant and has similarly not identified an agent who is authorized to receive process on behalf of the corporation. As a result the process issued was insufficient to subject the defendant to the personal jurisdiction of this court.

3

*C. Amount in Controversy*

Alternatively, the court finds, *sua sponte*, that the amount in controversy necessary to support diversity jurisdiction is has not been met. To invoke a district court's jurisdiction based on diversity, the plaintiff and defendant must not be citizens of the same state and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332. The sum claimed by the plaintiff ordinarily "controls if the claim is made in good faith." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S. Ct. 586, 82 L. Ed. 845 (1938). To justify dismissal "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). The amount is controversy is "measured by the value of the object of the litigation" at the time of filing. *Hunt v. Wash. State Apple Adver. Comm'n.*, 432 U.S. 333, 347, 97 S. Ct. 2434, 53 L. Ed. 2d 383 (1977); *St. Paul Reinsurance Co.*, 134 F.3d at 1253.

First, it is worth noting that the pleadings in this case do not paint a clear picture of the pertinent facts and make it difficult to discern any specific claim. It is dubious that the plaintiff has any legal claim whatsoever. As best as can be determined, the plaintiff was involved in an automobile accident. The plaintiff appears to have filed a claim with the defendant for the expense of repairing his vehicle. The plaintiff states that the estimated damage to the automobile was $900.00. Despite his apparent dissatisfaction, the plaintiff received a check in the amount of $401.26 from GMAC Insurance.

Assuming then that the plaintiff's actual damages are $900.00, he has not identified or alleged any additional compensatory injury that would, when combined, exceed the $75,000 jurisdictional threshold. *See Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999) (damages arising out of an injured shoulder, bruises, abrasions, unidentified medical expenses and

4

loss of consortium did not meet the jurisdictional prerequisite).  Accordingly, the court finds that the plaintiff has failed to plead facts sufficient to establish diversity jurisdiction.

### D.  Conclusion

In sum, the court concludes that the service of process was incomplete due to the plaintiff's failure to correctly identify the appropriate defendant and a corporate agent who may accept process. Thus, the court lacks personal jurisdiction of the defendant.  The defendant's motion to dismiss shall, therefore, be granted.  Alternatively, the court finds that the there is no subject matter jurisdiction because the plaintiff has failed to plead facts sufficient to satisfy the amount in controversy.  For each of the foregoing reasons, the complaint shall be dismissed.

A separate order shall be entered this the 14th day of April, 2010.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE